UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FRANKLIN JOSUE COYOY LOPEZ,

    Petitioner,

v.

WARDEN BALTIMORE ICE DETENTION,
TODD LYONS,
*Acting Director, U.S. Immigration and
Customs Enforcement,*
PAMELA BONDI,
*Attorney General of the United States,* and
KRISTI NOEM,
*Secretary of Homeland Security,
in their official capacities,*

    Respondents.

Civil Action No. 25-4165-TDC

**ORDER**

Petitioner Franklin Josue Coyoy Lopez ("Coyoy Lopez"), who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the operative Amended Petition, Coyoy Lopez seeks release from custody or a bond hearing because he is not properly subjected to mandatory detention pursuant to 8 U.S.C. § 1225(b), such that his present detention violates his right to due process of law under the Fifth Amendment to the United States Constitution. With their Answer to the Amended Petition, Respondents have filed a Motion to Dismiss. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rules 1(b), 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be DENIED, and the Amended Petition will be GRANTED.

Coyoy Lopez is a citizen of Guatemala who entered the United States without inspection in August 2015. Coyoy Lopez has lived in the United States since then, is now married to a United States citizen, and has a U.S. citizen child. He has no criminal history.

On or about December 17, 2025, Coyoy Lopez was arrested by U.S. Immigration and Customs Enforcement ("ICE") agents in a parking lot in College Park, Maryland. He was taken into ICE custody and was issued a Notice to Appear in removal proceedings ("NTA") pursuant to section 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a. The NTA alleges that Coyoy Lopez is an alien present in the United States who was not lawfully admitted after inspection by an immigration officer and lacks a valid visa or entry permit, such that he is subject to removal from the United States pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). The NTA further provides that Coyoy Lopez is presently scheduled to appear in the Immigration Court in Hyattsville, Maryland on March 4, 2026.

Since his arrest, Coyoy Lopez has been detained without a bond hearing. On December 18, 2025, while detained at the ICE Field Office in Baltimore, Maryland, Coyoy Lopez filed a Petition for a Writ of Habeas Corpus with this Court, which he amended on December 23, 2025. Coyoy Lopez was subsequently transferred to the Karnes County Immigration Processing Center in Karnes City, Texas, where he is presently detained. According to Respondents, Coyoy Lopez is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) because he is an inadmissible alien.

In the Amended Petition, Coyoy Lopez alleges that he is being unlawfully detained because he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that he may be detained only pursuant to 8 U.S.C. § 1226(a), which requires that he receive a bond hearing, and that his present detention violates his right to due process of law under the Fifth Amendment to the Constitution.

He further argues that he is entitled to this relief because he is a member of a nationwide class certified in *Maldonado Bautista v. Santacruz*, No. 25-1873-SSS, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). Coyoy Lopez seeks a declaration that his detention violates due process and an order that Respondents must provide him with a bond hearing pursuant to § 1226(a) within seven days or else release him from custody.

In opposing the Amended Petition, Respondents argue that it should be dismissed because Coyoy Lopez is correctly subject to mandatory detention under § 1225(b)(2). This Court addressed this same issue in *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), and concluded that the detention of inadmissible noncitizens who were already present in the United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), and that mandatory detention of such an individual under § 1225(b)(2) violates due process. *Id.* at *5–10. The Court incorporates by reference its detailed analysis of this issue in *Maldonado*.

Here, Coyoy Lopez's Amended Petition presents a nearly identical factual situation to that at issue in that case in that Coyoy Lopez has been present in the United States for years, is not subject to mandatory detention based on criminal history, has not attempted to acquire legal entry or status, and was not actively doing so at the time of his detention. Accordingly, for the same reasons discussed in *Maldonado*, the Court concludes that Coyoy Lopez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that his current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Coyoy Lopez without a bond hearing before an immigration judge pursuant to § 1226(a) violates his right to due process of law. *See Maldonado*, 2025 WL 2968042, at *5–10. Respondents' additional argument that, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), Coyoy Lopez's detention does not violate due process

because he has been detained for less than six months, does not alter this conclusion. The "presumptively reasonable" period of detention referenced in *Zadvydas* applies to detention after a final order of removal pursuant to 8 U.S.C. § 1231(a) and not, as here, to detention without a bond hearing before any final order of removal, in violation of the requirements of § 1226(a). *See Zadvydas*, 533 U.S. at 682, 701. The Court will therefore deny the Motion to Dismiss and grant the Amended Petition. Accordingly, it need not and does not address the parties' arguments relating to *Maldonado Bautista*.

For the foregoing reasons, it is hereby ORDERED that:

1. Respondents' Motion to Dismiss, ECF No. 11, is DENIED.

2. Coyoy Lopez's Amended Petition for a Writ of Habeas Corpus, ECF No. 10, is GRANTED in that:

    a. Respondents are enjoined from detaining Coyoy Lopez pursuant to 8 U.S.C. § 1225(b).

    b. Respondents shall arrange for Coyoy Lopez to receive, within **10 days** of the date of this Order, a bond hearing before an immigration judge, at which he can be represented by his present counsel.

    c. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, and Respondents shall provide Coyoy Lopez with any other process due to him under these provisions.

    d. If Coyoy Lopez is not provided with a bond hearing before an immigration judge within **10 days** of the date of this Order, Respondents shall release Coyoy Lopez from custody.

    e. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Coyoy Lopez has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: January 15, 2026

                                                                                   THEODORE D. CHUANG
                                                                                    United States District Judge